ORIGINAL
FILED

JAN 23 PM 3: 41

NORTHERN DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP
2  Mark F. Anderson (SBN 44787)
   445 Bush Street, 6th Floor
3  San Francisco, CA 94108
   Tel:   (415) 861-2265
4  Fax:   (415) 861-3151
5  Email: mark@kabolaw.com

6  Attorneys for Plaintiff Natalie Jo

7

8                UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

CV 08    0495

| | |
|---|---|
| 11  NATALIE JO, | Case No. |
| 12         Plaintiff, | |
| 13      vs. | COMPLAINT |
| 14  SALLIE MAE, INC., a Delaware corporation; | |
| 15  SALLIE MAE SERVICING L.P., a Delaware limited partnership; | and |
| 16  EXPERIAN INFORMATION | |
| 17  SOLUTIONS, INC., a Ohio corporation; | JURY TRIAL DEMAND |
| 18  TRANS UNION LLC, a Delaware corporation; | |
| 19  EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation; | |
| 20 | |
| 21 | |
| 22         Defendants. | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

1.    This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.
§1681 *et seq.*

## PARTIES

2.    Plaintiff Natalie Jo is a "consumer" as defined by 15 U.S.C. § 1681a(c).
Plaintiff resides in the City and County of San Francisco.

3.    Defendant Sallie Mae, Inc. ("Sallie Mae") has its principal place of business
in Reston, VA. Sallie Mae, Inc. is both a "person" as defined by 15 USC § 1681a(b) and a
"user" of consumer credit information as said term is used in the FCRA, including 15
USC § 1681b.

4.    Defendant Sallie Mae Servicing, L P. ("Sallie Mae") has its principal place of
business in Reston, VA. Sallie Mae Servicing, L.P..is both a "person" as defined by 15
USC § 1681a(b) and a "user" of consumer credit information as said term is used in the
FCRA, including 15 USC § 1681b. Sallie Mae Servicing, L.P. is a subsidiary of
defendant Sallie Mae, Inc.

5.    Defendant  Equifax Information Services, LLC  ("Equifax") is a "consumer
reporting agency that compiles and maintains files on consumers on a nationwide basis" as
defined in 15 U.S.C. §§ 1681a(f) and (p).

6.    Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer
reporting agency that compiles and maintains files on consumers on a nationwide basis" as
defined in 15 U.S.C. §§ 1681a(f) and (p).

7.    Defendant  Trans Union LLC ("Trans Union") is a "consumer reporting
agency that compiles and maintains files on consumers on a nationwide basis" as defined in
15 U.S.C. §§ 1681a(f) and (p).

## JURISDICTION

8.    This court has jurisdiction under 28 U.S.C. § 1331.  Defendants were
authorized to and have been doing business within this district at all relevant times.

**VENUE**

9.    The activities alleged herein occurred within this district.

**FACTS**

10.    On or about July 25, 2001, plaintiff Natalie Jo agreed to co-sign a signature student loan for a friend, Ms Jin Han so she could attend NYU to get her MBA. Plaintiff agreed to co-sign a loan of $6,000.

11.    Sometime in late 2004 or early 2005, plaintiff began to get letters from defendant Sallie Mae sent letters to plaintiff stating that payments had not been received on the loan and as co-signer, plaintiff was responsible. Sallie Mae's letters said the loan was for $36,000, not $6,000.

12.    Plaintiff called Jin Han about the loan, who explained that she had taken out two loans, one for $6,000 and one for $30,000, and that plaintiff was therefore only obligated for $6,000. Jin Han apologized for the delayed payments, which triggered letters to plaintiff and that it would not happen again.

13.    In early 2006, plaintiff contacted defendant Sallie Mae directly. Sallie Mae told plaintiff she was responsible for $36,000 plus interest. Plaintiff asked and received a copy of Jin Han's loan application. Upon receipt, plaintiff discovered for the first time that Jin Han had prepared a new application for $36,000 and had forged plaintiff's name to it. The signature on the application is not that of plaintiff.  In addition, the application has certain errors that prove the application is a forgery.

14.    Plaintiff informed defendant Sallie Mae the application was forged by Jin Han. Plaintiff provided writing samples to Sallie Mae as requested. In December 2006, plaintiff provided Sallie Mae a police report about the forgery. In spite of the evidence presented, defendant Sallie Mae refused to exonerate plaintiff from the loan.

15.    Defendant Sallie Mae reported the existence of the student loan to the defendant credit reporting agencies.

16.    In or about March 2007, June 2007, July 2007, and August 2007, plaintiff sent letters to Equifax, Experian and Trans Union disputing the Sallie Mae loan information appearing on her credit reports. Plaintiff informed each of the defendants that Jin Han had forged a loan application for $36,000. Plaintiff provided each defendant credit reporting agency all relevant information, including a copy of the police report.

17.    Plaintiff is informed and believes that each of the defendant credit reporting agencies sent Sallie Mae a notification that plaintiff was disputing the accuracy of what it was reporting to them.

18.    Defendant Sallie Mae and the defendant credit reporting agencies failed to perform a reasonable reinvestigation as required by the FCRA.

19.    Each of the defendant credit reporting agencies failed to note in its consumer disclosures and credit reports that the Sallie Mae loan information was disputed by plaintiff.

### Damages

20.    Plaintiff has been damaged by defendants' refusal to correct and delete the inaccurate information on her credit reports.

21.    Plaintiff has been denied credit because of the report of the Sallie Mae loan account. Plaintiff has suffered emotional distress as a legal result of defendants' violations of the FCRA.

**First Claim for Relief—Defendant Equifax, Experian and Trans Union's Failure to Reinvestigate Disputed Information**

22.    Plaintiff realleges and incorporates ¶¶ 1-21.

23.    After plaintiff disputed the accounts mentioned above, defendants Equifax, Experian and Trans Union was required by 15 USC 1681i(A) to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendants were required to send all relevant information to the furnishers, which it did not do.

24.    Defendants negligently and willfully failed to conduct reasonable

1  reinvestigations as required by the FCRA.

2  **Second Claim for Relief— Defendant Sallie Mae's Reporting Inaccurate Information to Defendants Equifax, Experian and Trans Union and Failure to Reinvestigate**

3

4      25. Plaintiff realleges and incorporates ¶¶ 1-20.

5      26. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a

6  consumer to any consumer reporting agency if the person knows or has reasonable cause to

7  believe that the information is inaccurate.

8      27.  Defendant Sallie Mae violated section 1681s-2 by reporting inaccurate account

9  information.

10      28.      Defendants Equifax, Experian and Trans Union provided notice to the

11  defendant Sallie Mae that plaintiff was disputing the inaccurate information, but each of the

12  furnishers failed to reinvestigate the information as required by the FCRA, 15 USC 1681s-

13  2(a)(E).

14      **WHEREFORE**, plaintiff prays for judgment against defendants as follows:

15      1.      Actual damages;

16      2.      Statutory damages;

17      2.      Punitive damages;

18      3.      Attorneys fees, and

19      4.      Costs and expenses incurred in the action.

20  Dated: January 14, 2008.

21      KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

22

23      By: /  Mark F. Anderson
          Attorneys for Plaintiff

24  //

25  //

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

By:  Mark F. Anderson
Attorney for Plaintiff