Angela M. Taylor (State Bar No. 210425)
angelataylor@jonesday.com
JONES DAY
3 Park Plaza
Suite 1100
Irvine, CA  92614
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE JO,<br><br>                  Plaintiff,<br><br>      v.<br><br>SALLIE MAE, INC., a Delaware corporation; SALLIE MAE SERVICING L.P., a Delaware limited partnership; EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; TRANS UNION LLC, a Delaware corporation; EQUIFAX INFORMATION SERVICES LLC, a Georgia corporation,<br><br>                  Defendant. | Case No.   08-495-SI<br><br>DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC'S ANSWER TO PLAINTIFF NATALIE JO'S COMPLAINT |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint of Plaintiff Natalie Jo ("Plaintiff"), states as follows:

    1.    In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged that this case arises under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. Experian states that this is a legal conclusion that is not subject to denial or admission.

**PARTIES**

2. In response to Paragraph 2 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

3. In response to Paragraph 3 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, Experian admits that it is a consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. As to the remaining allegation contained in Paragraph 6, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

**JURISDICTION**

8. In response to paragraph 8 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction under 28 U.S.C. § 1331. Experian states that this is a legal conclusion that is not subject to denial or admission.

## VENUE

9.  In response to Paragraph 9 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

## FACTS

10. In response to Paragraph 10 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

19. In response to Paragraph 19 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

## DAMAGES

20. In response to Paragraph 20 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

21. In response to Paragraph 21 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

**First Claim for Relief – Defendant Equifax, Experian and Trans Union's**

**Failure to Reinvestigate Disputed Information**

22. In response to Paragraph 22 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 21 above, as though fully set forth herein.

23. In response to Paragraph 23 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

24. In response to Paragraph 24 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

**Second Claim for Relief - Defendant Sallie Mae's Reporting Inaccurate Information to Defendants Equifax, Experian and Trans Union and Failure to Reinvestigate**

25. In response to Paragraph 25 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 21 above, as though fully set forth herein.

26. In response to paragraph 26 of the Complaint, Experian states that this is a legal conclusion that is not subject to denial or admission.

27. In response to Paragraph 27 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

28. In response to Paragraph 28 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

**(Failure to State a Claim)**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to

LAI-2931393v1
Last Edited: 02/15/08

- 5 -

state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from Experian.

## SECOND DEFENSE

### (Immunity)

Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD DEFENSE

### (Truth/Accuracy of Information)

Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH DEFENSE

### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate her damages.

## SIXTH DEFENSE

### (Laches)

The Complaint and each claim for relief therein is barred by laches.

## SEVENTH DEFENSE

### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH DEFENSE

### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH DEFENSE

### (Statute of Limitations)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the statute of limitations.

## TENTH DEFENSE

### (Improper Request for Punitive Damages)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## ELEVENTH DEFENSE

### (Unclean Hands)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH DEFENSE

### (Independent Intervening Cause)

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

Experian hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

Dated: February 15, 2008

Respectfully submitted,

Jones Day

By: _____
Angela M. Taylor

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

**PROOF OF SERVICE**

I, Virgilynn S. Dempsey, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614. On February 15, 2008, I served a copy of the within document(s): **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF NATALIE JO'S COMPLAINT**

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

[ ]  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Mark F. Anderson, Esq.
KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Phone: (415) 861-2265
Fax: (415) 861-3151
Email: mark@kabolaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 15, 2008, at Irvine, California.

_____
Virgilynn S. Dempsey

LAI-2931516v1                                                                                   PROOF OF SERVICE