THOMAS P. QUINN, JR.  (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE JO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SALLIE MAE, INC., a Delaware corporation;<br>SALLIE MAE SERVICING, L.P., a Delaware limited partnership;<br>EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation;<br>TRANS UNION LLC, a Delaware corporation;<br>EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation;<br><br>　　　　　Defendants. | Case No:  CV 08-00495 SI<br><br>**ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC.** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") hereby submits its answer and defenses to Plaintiff's Complaint as follows:

## **ANSWER**

1.  In response to Paragraph 1 of Plaintiff's Complaint, Equifax admits that Plaintiff brings this case under the Fair Credit Reporting Act, but denies any liability to Plaintiff.

4890602

- 1 –

### THE PARTIES

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Equifax admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

### JURISDICTION

8. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

### VENUE

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### FACTS

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax admits it received dispute letters from Plaintiff in February 2007, April 2007, June 2007 and August 2007. Equifax denies that Plaintiff provided Equifax with a copy of the police report. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Equifax admits the allegations contained in Paragraph 17 of Plaintiff's Complaint. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17of Plaintiff's Complaint.

18. Equifax denies the allegations contained in Paragraph 18 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Equifax denies the allegations contained in Paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

**DAMAGES**

20. Equifax denies the allegations contained in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Equifax denies the allegations contained in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF: DEFENDANT EQUIFAX, EXPERIAN AND TRANS UNION'S FAILURE TO REINVESTIGATE DISPUTED INFORMATION**

22. In response to Paragraph 22 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

23. Equifax denies the allegations contained in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Equifax denies the allegations contained in Paragraph 24 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF: DEFENDANT SALLIE MAE'S REPORTING INACCURATE INFORMATION TO DEFENDANTS EQUIFAX, EXPERIAN AND TRANS UNION AND FAILURE TO REINVESTIGATE

25. In response to Paragraph 25 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

26. In response to Paragraph 26 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Equifax denies the allegations contained in Paragraph 28 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

## PRAYER

29. Equifax denies that Plaintiff is entitled to any of the relief set forth in her prayer for relief.

## DEFENSES

30. Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

31. Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

**SECOND DEFENSE**

32. Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

**THIRD DEFENSE**

33. Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**FOURTH DEFENSE**

34. To the extent that plaintiff alleges that Equifax violated the FCRA, CCCRA or other similar statute, Equifax is entitled to, and asserts, each and every defense and limitation of liability provided by said acts.

**FIFTH DEFENSE**

35. Some, or all, of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e).

**SIXTH DEFENSE**

36. Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reports.

**SEVENTH DEFENSE**

37. The Complaint, and each and every cause of action stated therein, is barred by the provisions of CCRAA §§1785.31, 1785.32 and 1785.33.

**EIGHTH DEFENSE**

38. The Complaint is barred by Plaintiff's failure to mitigate her damages, if any.

**NINTH DEFENSE**

39. Equifax's publication of information about Plaintiff, if any, was privileged and justified.

**TENTH DEFENSE**

40. Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

**ELEVENTH DEFENSE**

41. Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**TWELFTH DEFENSE**

42. Any allegation of the Complaint not expressly admitted is denied.

**WHEREFORE,** this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint on file herein, and that the same be dismissed;
2. For costs of suit and attorney's fees herein; and
3. For such other and further relief as the Court may deem just and proper.

NOKES & QUINN

Dated: February 19, 2008         /s/
THOMAS P. QUINN, JR.,
Attorneys for Defendant EQUIFAX
INFORMATION SERVICES, LLC

Of Counsel:

Stephanie Cope, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100

# CERTIFICATE OF SERVICE

JO v EQUIFAX, et al, CASE NO: CV-08-00495-SI

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On February 19, 2008. I served a true copy of the

**ANSWER AND DEFENSES OF DEFENDANT
EQUIFAX INFORMATION SERVICES LLC**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet as follows:

**Mark F. Anderson**
Kemnitzer Anderson Barron Ogilvie & Brewer, LLP
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Tel: 415-861-2265
Fax: 415-861-3151
Email: mark@kabolaw.com

**Angela M. Taylor**
Jones Day
3 Park Plaza , Suite 1100
Irvine, CA 92614
949-851-3939
Fax: 949-553-7539
Email: angelataylor@jonesday.com

///

///

///

///

///

1  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

2

3  I hereby certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

4

5
                                                /s/
6                                    YVONNE M. HOMAN

7  Place of Mailing: Laguna Beach, California

8  Executed on February 19, 2008, at Laguna Beach, California.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4890602

- 8 –

ANSWER OF EQUIFAX INFORMATION SERVICES
Case No: CV-08-00495-SI