LAW OFFICES OF MIRIAM HISER
MIRIAM HISER (129824)
550 Montgomery Street, Suite 650
San Francisco, California 94111
Telephone: (415) 345-9234
Facsimile: (415) 395-9372
mhiser@hiserlaw.com

Attorneys for Defendant
SALLIE MAE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE JO,<br><br>                    Plaintiff,<br><br>          v.<br><br>SALLIE MAE, INC., a Delaware corporation;<br>SALLIE MAE SERVICING L.P., a Delaware<br>limited partnership; EXPERIAN<br>INFORMATION SOLUTIONS, INC., a Ohio<br>corporation; TRANS UNION LLC, a Delaware<br>corporation, EQUIFAX INFORMATION<br>SERVICES, LLC, a Georgia corporation,<br><br>                    Defendants. | Case No. CV 08-0495 SI<br><br>**ANSWER OF DEFENDANT SALLIE<br>MAE, INC.; DEMAND FOR JURY TRIAL** |

Defendant SALLIE MAE, INC. ("Sallie Mae") answers the Complaint of plaintiff

Natalie Jo as follows:

1.      Sallie Mae admits the allegations of paragraph one.

**PARTIES**

2.      Sallie Mae admits the allegations of the first sentence of paragraph two.  Sallie

Mae lacks knowledge or information sufficient to form a belief as to the truth of the allegations

of the second sentence of paragraph two and on that basis denies them.

3.      Sallie Mae admits the allegations of paragraph three.

4.      Sallie Mae denies the allegations of paragraph four.

5.      Sallie Mae lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph five and on that basis denies them.

6.     Sallie Mae lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph six and on that basis denies them.

7.     Sallie Mae lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph seven and on that basis denies them.

## JURISDICTION

8.     Sallie Mae admits the allegations of paragraph eight.

## VENUE

9.     Sallie Mae denies the allegations of paragraph nine.

## FACTS

10.     Sallie Mae admits the allegations of the first sentence of paragraph ten.  Sallie Mae denies the allegations of the second sentence of paragraph ten.

11.     Answering the allegations of paragraph eleven, Sallie Mae admits that it "sent letters to plaintiff stating that payments had not been received on the loan and as co-signer, plaintiff was responsible," and that "the loan was for $36,000."   Sallie Mae states that it first sent such delinquency letters in 2003 and that correspondence to plaintiff from 2001 forward stated that the loan disbursement amount was $36,000.  Except as so admitted or stated, Sallie Mae denies the remaining allegations of paragraph eleven.

12.     Sallie Mae lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph twelve and on that basis denies them.

13.     Sallie Mae admits the allegations of the first three sentences of paragraph thirteen. Sallie Mae denies the allegations of the remaining sentences of paragraph thirteen.

14.     Answering the allegations of the first sentence of paragraph fourteen, Sallie Mae admits that plaintiff alleged that "the application was forged by Jin Han" but denies that it was in fact forged and denies the remaining allegations of paragraph fourteen.  Sallie Mae admits the allegations of the second sentence of paragraph fourteen.  Answering the allegations of the third sentence of paragraph fourteen, Sallie Mae admits that "plaintiff provided Sallie Mae a police report about the forgery" but denies that it was provided in December 2006 and alleges that it

was provided in May 2007.  Sallie Mae denies the allegations of the fourth sentences of

paragraph fourteen.

15.    Sallie Mae admits the allegations of paragraph fifteen.

16.    Sallie Mae lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph sixteen and on that basis denies them.

17.    Sallie Mae admits the allegations of paragraph seventeen.

18.    Answering the allegations of paragraph eighteen, Sallie Mae denies that Sallie

Mae "failed to perform a reasonable reinvestigation as required by the FCRA."  Sallie Mae lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph eighteen and on that basis denies them.

19.    Sallie Mae lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph nineteen and on that basis denies them.

## DAMAGES

20.    Sallie Mae denies the allegations of paragraph twenty.

21.    Sallie Mae denies the allegations of paragraph twenty-one.

## FIRST CLAIM FOR RELIEF

22.    Paragraphs twenty-two to twenty-four require no response from Sallie Mae.

## SECOND CLAIM FOR RELIEF

23.    Answering the allegations of paragraph twenty-five, Sallie Mae incorporates by

reference as if fully set forth herein its responses to paragraphs one to twenty above.

24.    Answering the allegations of paragraph twenty-five, Sallie Mae admits that it is a

summary of 15 U.S.C. Section 1681s-2(a)(1)(A).

25.    Sallie Mae denies the allegations of paragraph twenty-seven.

26.    Sallie Mae denies the allegations of paragraph twenty-eight.

Sallie Mae denies that plaintiff is entitled to the relief prayed for, or any relief at all, as

against Sallie Mae.

Sallie Mae denies all allegations of the Complaint except as specifically admitted.

///

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

The Complaint, and each purported cause of action alleged therein, fails to state a cause of action against Sallie Mae.

**SECOND AFFIRMATIVE DEFENSE**
**(Statutes of Limitations)**

The Complaint, and each cause of action therein, is barred by the applicable statute of limitations, 15 U.S.C. Section 1681p.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches, Waiver, Estoppel, Unclean Hands)**

The Complaint, and each cause of action alleged therein, is barred by one or more of the doctrines of laches, waiver, estoppel and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
**(Punitive Damages Not Permissible)**

Plaintiff's claim for punitive damages violates Sallie Mae's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 2, 7, 15, 16 and 17 and Article IV, Section 16 of the California Constitution.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

The Complaint, and each cause of action alleged therein, is barred because plaintiff failed to make reasonable efforts to mitigate the losses or damages plaintiff alleges therein.

**DEMAND FOR JURY TRIAL**

Sallie Mae hereby demands a trial by jury on all issues.

Wherefore, Sallie Mae prays for judgment as follows:

1.      That plaintiff take nothing by way of her Complaint and that the Complaint be dismissed with prejudice;

2.      That Sallie Mae be dismissed and awarded its attorneys fees and costs of suit incurred herein;

///

///

1      3.      That Sallie Mae be awarded such other and further relief as the Court deems just

2  and proper.

3  Dated:  February 19, 2008.                    LAW OFFICES OF MIRIAM HISER

4

5                                               By:_____/s/_____
                                                    Miriam Hiser
6                                               Attorney for Defendant SALLIE MAE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned certifies as follows:

I am employed at the Law Offices of Miriam Hiser, 550 Montgomery Street, Suite 650, San Francisco, California 94111.  I am over the age of 18 and not a party to the within action.

I am readily familiar with the business practice for the collection and processing of correspondence for mailing, under which, in the ordinary course of business, mail placed for collection and mailing is deposited with the United States Postal Service on the same day with postage thereon fully prepaid at San Francisco, California.

On February 19, 2008, I served a copy of the following document(s):

> **ANSWER OF DEFENDANT SALLIE MAE, INC; DEMAND FOR JURY TRIAL**

by placing, for collection and mailing a true copy of such document(s) enclosed in a sealed envelope(s), following ordinary business practices, addressed as follows:

> Mark F. Anderson
> Kemnitzer, Anderson, Barron, Ogilvie and Brewer LLP
> 445 Bush Street, Sixth Floor
> San Francisco, CA 94108

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  February 19, 2008.                    /s/
                                                            Miriam Hiser