**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
  d.bradley@mpglaw.com

Attorneys for Trans Union LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE JO, | Case No. 3:08-cv-00495-SI |
| Plaintiff, | [Assigned to The Hpn. Susan Illston] |
| vs. | Complaint Filed:  January 23, 2008 |
| SALLIE MAE, INC., a Delaaware corporation; SALLIE MAE SERVICING L.P., a Delaware limited partnership; EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; TRANS UNION LLC, a Delaware corporation; EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

Defendant Trans Union LLC ("Trans Union") hereby answers the averments contained in the Complaint of Natalie Jo ("Plaintiff").  Trans Union's answers to Plaintiff's averments are intended to apply to Trans Union's actions and do not speak to the actions of other entities or persons.

1.      Answering paragraph 1, Trans Union admits Plaintiff purportedly brings this action under the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§1681 *et seq*.  Trans Union, however, denies any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause of action against Trans Union.

## THE PARTIES

2. Answering paragraph 2, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

3. Answering paragraph 3, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

4. Answering paragraph 4, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

5. Answering paragraph 5, Trans Union admits the averments of this paragraph.

6. Answering paragraph 6, Trans Union admits the averments of this paragraph.

7. Answering paragraph 7, Trans Union admits the averments of this paragraph.

## JURISDICTION

8. Answering paragraph 8, Trans Union admits that this Court has jurisdiction as Plaintiff purportedly brings this action under the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§1681 *et seq*. Trans Union, however, denies any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause of action against Trans Union.

## VENUE

9. Answering paragraph 9, Trans Union admits that the venue lies within the Northern District of California. Trans Union, however, denies any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause of action against Trans Union.

1

**<u>FACTS</u>**

2            10.    Answering paragraph 10, Trans Union lacks sufficient information

3 or belief to admit or deny the averments of this paragraph, and on that basis denies

4 them.

5            11.    Answering paragraph 11, Trans Union lacks sufficient information

6 or belief to admit or deny the averments of this paragraph, and on that basis denies

7 them.

8            12.    Answering paragraph 12, Trans Union lacks sufficient information

9 or belief to admit or deny the averments of this paragraph, and on that basis denies

10 them.

11           13.    Answering paragraph 13, Trans Union lacks sufficient information

12 or belief to admit or deny the averments of this paragraph, and on that basis denies

13 them.

14           14.    Answering paragraph 14, Trans Union lacks sufficient information

15 or belief to admit or deny the averments of this paragraph, and on that basis denies

16 them.

17           15.    Answering paragraph 15, Trans Union lacks sufficient information

18 or belief to admit or deny the averments of this paragraph, and on that basis denies

19 them.

20           16.    Answering paragraph 16, Trans Union lacks sufficient information

21 or belief to admit or deny the averments of this paragraph, and on that basis denies

22 them.

23           17.    Answering paragraph 17, Trans Union lacks sufficient information

24 or belief to admit or deny the averments of this paragraph, and on that basis denies

25 them.

26           18.    Answering paragraph 18, Trans Union denies the averments of

27 this paragraph.

28

19.    Answering paragraph 19, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## DAMAGES

20.    Answering paragraph 20, Trans Union denies the averments of this paragraph.

21.    Answering paragraph 21, Trans Union denies the averments of this paragraph.

## FIRST CLAIM FOR RELIEF

22.    Answering paragraph 22, Trans Union incorporates by reference its answers to paragraphs 1 through 21 above as though fully set forth herein.

23.    Answering paragraph 23, the cited statute speaks for itself.  Trans Union denies the remaining allegations of this paragraph.

24.    Answering paragraph 24, Trans Union denies the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF

25.    Answering paragraph 25, Trans Union incorporates by reference its answers to paragraphs 1 through 20 above as though fully set forth herein.

26.    Answering paragraph 26, the cited statute speaks for itself.

27.    Answering paragraph 27, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

28.    Answering paragraph 28, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

2.     On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

3.     Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. §1681p.

### FOURTH DEFENSE

4.     Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

5.     Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate her alleged damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

### SIXTH DEFENSE

6.     Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

### SEVENTH DEFENSE

7.     At all times relevant to the Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports

1  related to Plaintiff.

2  **EIGHTH DEFENSE**

3    8.    Any credit report or other information released by Trans Union to

4  a third party concerning Plaintiff was done with Plaintiff's explicit or implicit

5  consent.

6  **NINTH DEFENSE**

7    9.    Trans Union is informed and believes, and thereon alleges, that

8  any purported damages sustained by Plaintiff, were, in whole or in part, caused by her

9  own actions and resulted from Plaintiff's own negligence, equal to or exceeding any

10  alleged wrongdoing by Trans Union.

11  **TENTH DEFENSE**

12    10.    Trans Union is informed and believes, and thereon alleges, that

13  Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

14  **ELEVENTH DEFENSE**

15    11.    Trans Union is informed and believes, and thereon alleges, that

16  some or all of Plaintiff's claims are barred by res judicata.

17  **TWELFTH DEFENSE**

18    12.    Trans Union is informed and believes, and thereon alleges, that

19  some or all of Plaintiff's claims are barred by collateral estoppel.

20  **THIRTEENTH DEFENSE**

21    13.    Trans Union reserves the right to assert additional defenses that it

22  may learn of through the course of discovery.

23  **PRAYER**

24  WHEREFORE, Defendant Trans Union LLC prays as follows:

25    1.    That Plaintiff take nothing by reason of her Complaint;

26    2.    That the Complaint be dismissed in its entirety as to Trans Union;

27    3.    That Trans Union be awarded its costs of suit and reasonable

28  attorneys' fees incurred herein; and

1        4.    For such other and further relief as this Court may deem just and

2    proper.

3

4    DATED:  February 19, 2008    MUSICK, PEELER & GARRETT LLP

5

6        By:  _/s/  Donald E. Bradley_____

7            Donald E. Bradley
             Attorneys for Trans Union LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

STATE OF CALIFORNIA
COUNTY OF ORANGE

  I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

  On February 19, 2008, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

  **See Attached List**

☐ **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☐ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. I caused the machine to print a transmission record of the transmission. No errors were reported.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

☒ **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐ **BY EMAIL.** I emailed such documents to the addressees at their email addresses on the attached list.

  Executed on February 19, 2008, at Costa Mesa, California.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        /s/ Karen S. Reisner
        Karen S. Reisner

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1

**SERVICE LIST**

2

Mark F. Anderson                                Miriam Hiser
Kemnitzer Anderson Barron & Ogilvie             Law Offices of Miriam Hiser
3   445 Bush St., 6th Flr.                       550 Montgomery St., Ste. 650
San Francisco, CA 94108                         San Francisco, CA 94111
4   Phone: 415-861-2265                          Phone: 415-345-9234
Fax: 415-861-3151                               Fax: 415-395-9372
5   mark@kabolaw.com                             mhiser@hiserlaw.com

6   Thomas P. Quinn                              Angela M. Taylor
Nokes & Quinn                                   Jones Day
7   450 Ocean Ave.                               3 Park Plaza, Ste. 1100
Laguna Beach, CA 92651                          Irvine, CA 92614
8   Phone: 949-376-3055                          Phone: 949-851-3939
Fax: 949-376-3070                               Fax: 949-553-7539
9   yhoman@nokesquinn.com                        angelataylor@jonesday.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28