1  Mark F. Anderson (SBN 44787)
   Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
2  445 Bush Street, 6th Floor
   San Francisco, CA 94108
3  Ph: (415) 861-2265
   Fax: (415) 861-3151
4  mark@kabolaw.com

5  Attorneys for Plaintiff Natalie Jo

6
                    UNITED STATES DISTRICT COURT
7
                    NORTHERN DISTRICT OF CALIFORNIA
8

9  **NATALIE JO,**                    ) Case No. CV 08 0495 SI
                                       )
10       Plaintiff,                    )
                                       ) **JOINT CASE MANAGEMENT**
11    v.                               ) **CONFERENCE STATEMENT**
                                       )
12 **SALLIE MAE, INC., et al,**        ) **Hearing Date: May 14, 2008**
                                       ) **Time: 2:00 PM**
13       Defendants.                   ) **Courtroom 10, 19th Floor**
                                       )
14 ─────────────────────────────────

15    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and

16 counsel for Defendants conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule

17 3-5, and the Court's Order dated January 23, 2008, Setting Initial Case Management Conference

18 and ADR Deadlines. The parties hereby submit their Joint Case Management Statement:

19 **1.    BASIS FOR JURISDICTION AND SERVICE**

20    This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

21 1681 et seq. Consequently, this Court has jurisdiction pursuant to 15 U.S.C. § 1681p. All parties

22 have been served.

23 **2.    STATEMENT OF FACTS**

24    Plaintiff:

25    In 2001, plaintiff Natalie Jo agreed to co-sign a signature student loan for a friend, Ms.

26 Jin Han in the amount of $6,000. However, in early 2006, plaintiff Jo learned that Ms Han had

27 forger her name on a loan application in the amount of $36,000. Defendant Sallie Mae, a private

student loan lender, holds the forged note. When Ms Han defaulted on payments, Sallie Mae began dunning plaintiff Jo for the money.

Plaintiff Jo explained to Sallie Mae that the note was a forgery. She provided Sallie Mae a police report and handwriting samples, but Sallie Mae refused to exonerate her. In 2007, plaintiff disputed the debt, which had appeared on her credit reports. None of the defendant credit reporting agencies conducted a reasonable investigation of the matter; nor did Sallie Mae. Had they done so, the credit bureaus would have deleted the debt from plaintiff's credit reports and Sallie Mae would have dropped the claim against plaintiff.

1.      Defendants' statements:

Experian:  Experian is a national credit reporting agency.  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others.  Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.  It serves as a conduit for credit information that it obtains from Experian's customers or "subscribers," which include banks, retailers, finance companies, and collection agencies.  Because its subscriber businesses have a direct relationship with consumers, Experian relies on its subscribers to provide information about the subscribers' customers, including identifying information, type and amount of credit extended, and credit performance.

Experian is still investigating Plaintiff's claims and her alleged communications with Experian.  As a result, Experian cannot comment on Plaintiff's specific factual allegations.  Experian, however, denies that it violated the FCRA negligently or intentionally.  Experian maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports.  Additionally, it is Experian's position that its reinvestigation policies and procedures are reasonable.  Any damages Plaintiff may have sustained, therefore, were not caused by Experian.

Trans Union: Trans Union maintains reasonable procedures designed to ensure the maximum possible accuracy of the information it reports.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union investigated Plaintiff's disputes made with it

and timely reported the results of those investigations to Plaintiff. Trans Union also updated the information contained in Plaintiff's Trans Union credit files pursuant to those investigations when warranted. Trans Union is still investigating Plaintiff's claims and her communications with Trans Union, and, therefore, cannot comment further on the factual allegations at this time. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681s-2(b). Even if Plaintiff has suffered any compensable damage, the damage was not caused by Trans Union. Trans Union has not acted with negligence, malice, or intent to harm Plaintiff. Trans Union has not acted in reckless or conscious disregard for the rights of Plaintiff. Some of Plaintiff's claims or alleged damages may be barred by the applicable statute of limitations. Trans Union's investigation into the facts and circumstances of this case is ongoing.

Equifax:

Equifax complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and denies the claims asserted by Plaintiff. Equifax maintains reasonable procedures to assure the maximum possible accuracy of the credit files in its database, including the Plaintiff's credit file. Equifax timely reinvestigated the Plaintiff's disputes. Equifax denies that it caused Plaintiff's damages, if any, and contends that plaintiff's alleged injuries and damages, if any, were directly and legally caused by the acts or omissions of third persons over whom Equifax had neither control nor responsibility and/or resulted from an intervening proximate cause. Equifax has not acted with negligence, malice, or intent to harm Plaintiff. Equifax has not acted in reckless or conscious disregard for the rights of Plaintiff. Equifax's investigation into the facts or circumstances of this case is ongoing.

Sallie Mae:

Defendant Sallie Mae fully complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. and denies the claims asserted by plaintiff. Sallie Mae timely reinvestigated plaintiff's disputes. Sallie Mae denies that it caused plaintiff's damages and that denies that it acted maliciously towards plaintiff.

3. **LEGAL ISSUES**

Plaintiff:

One legal issue is whether the defendants conducted a reasonable reinvestigation of allegedly inaccurate items on plaintiff's credit reports.  A second legal issue is whether defendant Sallie Mae otherwise complied with its obligations under the FCRA, assuming it was properly notified of inaccurate reporting.

Sallie Mae:  Plaintiff's second cause of action alleges that Sallie Mae violated Section 1681s-2 "by reporting inaccurate account information."  This is a claim that Sallie Mae violated subsection 1681s-2(a) (entitled "duty of furnishers of information to provide accurate information").  There is no private right of action for violation of 1681s-2 (a).  The only private right of action that can be brought against a furnisher of credit information under the FCRA exists under 15 U.S.C. Section 1681s-2(b).  *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).    Sallie Mae fully complied with its duties under that section.

**4.    MOTIONS**

Plaintiff:

Plaintiff does not anticipate filing any motions at this time.

Defendants:

The defendants anticipate that each will file a motion for summary judgment or partial adjudication.

**5.    AMENDMENT OF PLEADINGS**

The parties do not intend to amend the currently filed pleadings.

**6.    EVIDENCE PRESERVATION**

Plaintiff:

Plaintiff will preserve relevant evidence, including electronically filed documents.

Defendants:

Defendants are aware of their responsibility under the Federal Rules to preserve evidence relevant to the issues reasonably evident in this action, and are not aware of any document- or data- destruction program that would prevent them from fulfilling their responsibilities.

**7. DISCLOSURES**

The parties will make their Rule 26 initial disclosures within 14 days after the case management conference.

**8. DISCOVERY**

The Parties do not require any limitations on discovery. The Parties will meet and confer regarding the terms of a Proposed Stipulated Protective Order.

Plaintiff:

Plaintiff may take depositions of persons most knowledgeable concerning the facts of this case.

Defendants:

Defendants will take the deposition of Plaintiff and of any other persons revealed by discovery to have personal knowledge of the matters in dispute. Factual issues with respect to which discovery will be needed include:

- Facts and circumstances surrounding Plaintiff's alleged dispute of credit information with Experian, Equifax and Trans Union.

- Facts and circumstances surrounding the respective Defendant credit reporting agencies' reports of credit information related to Plaintiff.

- Facts and circumstances surrounding the notification of a dispute to and conduct of investigation by the respective Defendant Sallie Mae, a furnisher of information.

- Whether Defendants Experian, Equifax and Trans Union negligently and/or willfully violated the Fair Credit Reporting Act as it relates to Sallie Mae, a furnisher of credit information.

- The damages suffered by Plaintiff and whether any damages were caused by negligent acts or omissions of the respective Defendants.

- Whether Plaintiff is comparatively at fault for or failed to mitigate any resulting damages.

- Whether the Plaintiff's claims are precluded by the statute of limitations and/or the doctrine of laches.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

None.

**11. RELIEF**

Plaintiff is claiming damages for emotional distress and punitive damages.

**12. SETTLEMENT & ADR**

The parties filed a stipulation that they will mediate the case within 90 days of the Court's order approving the stipulation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

None of the parties agree to try the case before a Magistrate Judge.

**14. OTHER REFERENCES**

The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties agree it is premature to attempt to narrow the issues.

**16. EXPEDITED SCHEDULE**

The parties see no need for streamlined procedures or an expedited schedule.

**17. SCHEDULING**

The parties request a trial date of March 2009 or such date as may be convenient to the Court.

**18. TRIAL**

Plaintiff requests a trial by jury and opposes bifurcation. The parties estimate that this case will take 3 to 4 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has no financial disclosures to make.

Defendants have filed their certification of interested parties.

The persons identified by Defendant Experian are Experian Group Limited, a publicly traded company, and seven wholly-owned subsidiaries.

Defendant Trans Union disclosed that Trans Union Corp. may have some interest in this matter.

Defendant Equifax disclosed that it is a wholly-owned subsidiary of Equifax, Inc.

Defendant Sallie Mae, Inc. disclosed that it is a subsidiary of SLM Corporation, which is a publicly-traded company.

Dated:  April 24, 2008.

/s/Mark F. Anderson
Mark F. Anderson
Kemnitzer, Anderson, Barron, Ogilvie & BrewerLLP
445 Bush Street, 6th Floor
San Francisco, CA 9411
Phone: (415) 623-3784, ext 101
Fax: (415) 861-3151
email: mark@kabolaw.com
Attorney for Plaintiff Natalie Jo

Dated:  April 24, 2008.

/s/Angela M. Taylor
Angela M. Taylor
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104-1500
Phone: (415) 875-5715
Fax: (415) 875-5700
email: angelataylor@jonesday.com
Attorneys for Experian Information Solutions, Inc.

Dated:  April 24, 2008.

/s/ Miriam Hiser
Miriam Hiser
Law Offices of Miriam Hiser
550 Montgomery Street, Ste 650
San Francisco, CA 94111
Phone: (415) 345 9234
Fax: (415) 395 9372
mhiser@hiserlaw.com
Attorney for Sallie Mae, Inc.

Dated: April 24, 2008.

/s/ Donald E. Bradley
Musick, Peeler & Garrett LLP
650 Town Center Drive, Ste 1200
Costa Mesa, CA 92626-2447
Phone: (714) 688-2447
Fax: (714) 668-2490
d.bradley@mpglaw.com
Attorneys for Trans Union LLC

Dated: April 24, 2008.

/s/Thomas P. Quinn, Jr.
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, CAQ 92651
Phone: 949.376.3055
Fax: 949.376.3070
tquinn@nokesquinn.com
Attorneys for Equifax Information Services LLC